**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| DELSHAUN R. NIX, | : | Case No. 1:26-cv-00113 |
| Plaintiff, | : | |
| vs. | : | District Judge Matthew W. McFarland<br>Magistrate Judge Caroline H. Gentry |
| WARDEN, SOUTHERN OHIO CORRECTIONAL FACILITY, *et al*., | : | |
| Defendants. | : | |

## DECISION AND ORDER ON PENDING MOTIONS

This civil rights case is before the undersigned Magistrate Judge to consider five motions filed by Plaintiff Delshaun Nix. (Doc. No. 10, 11, 12, 13, 14.) The case is in its early stages; the next step is for the Court to screen the operative complaint under 28 U.S.C. §§ 1915 and 1915A to determine whether the case or any part of it may proceed or must be dismissed. (*See* Order Granting IFP Status, Doc. No. 9 at PageID 223-224.)

Because Plaintiff Nix is proceeding without the assistance of counsel, the Court liberally construes his filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "*[p]ro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure." *Stinson v. Fowlkes*, No. 2:22-cv-2694, 2022 WL 17540803, at *4 (W.D. Tenn. Dec. 8, 2022). Incarcerated persons like Plaintiff are also subject to the requirements of the Prison Litigation Reform Act ("PLRA"), as discussed herein.

The Court addresses Plaintiff's five pending motions in the order they were filed. (Doc. No. 10, 11, 12, 13, 14.) Before doing so, the Court briefly sets forth the history of the case.

Plaintiff Nix filed his initial Complaint and related documents on February 2, 2026. (Doc. No. 1) The initial Complaint was 39 pages long, plus several attachments. (Doc. No. 1-1, 1-2.) "Due to deficiencies with the Complaint," the Court ordered Plaintiff to file an amended complaint that complied with Fed. R. Civ. P. 8 and was no more than 20 pages long. (Deficiency Order, Doc. No. 3.) Plaintiff later asked for additional time to prepare and file his amended complaint (Doc. No. 5), which the Court granted (Doc No. 6).

Plaintiff submitted his Amended Complaint on June 4, 2026. (Doc. No. 7.) Two weeks later, Plaintiff asked to file a Second Amended Complaint to correct a clerical error with the pagination of the Amended Complaint. (Doc. No. 8.) On June 25, 2026, the Court accepted the Amended Complaint as filed and informed Plaintiff that he did not need to correct the pagination error. (Doc. No. 9.) The Court also granted Plaintiff's Application to Proceed *In Forma Pauperis* in the case. (*Id.*)

In the Court's June 25 Order, the Court advised Plaintiff that:

> The next step in this case is for the Court to conduct an initial screen of the Amended Complaint (Doc. 7), which is required because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). *See also* 28 U.S.C. § 1915(e)(2). The undersigned will conduct this initial screening as soon as practicable. The Court will then enter an appropriate order and, if appropriate, direct service of the Amended Complaint and summons on Defendants. The Court will consider any additional motions as appropriate before, after, or along with the initial screening.

(Doc. No. 9 at PageID 223-224.)

In the following weeks, Plaintiff filed five motions, most of which seek multiple forms of relief, and some of which repeat or include refiled documents. The overarching theme of the motions is that Plaintiff wants the Court to take immediate action on his claims and grant him one of the forms of relief he requests in his Amended Complaint. (*See* Doc. No. 10, 11, 12, 13, 14.) Further, because the Magistrate Judge did not immediately grant that relief or *sua sponte* order discovery on his allegations in the earlier motions, Plaintiff seeks the undersigned's recusal. (Doc. No. 13, 14.)

The **First Motion** is a combined Motion For Appointment of Counsel and Motion to Expedite Preliminary Injunction Request. (Doc. No. 10.) In it, Plaintiff asks the Court to "immediately grant his request for a preliminary injunction to transfer him to another 'level four' prison," because the exhibits to the initial complaint establish that his life is in danger. (*Id.* at PageID 226.) Plaintiff is referring to his request for a preliminary injunction in his complaint; no separate motion for a preliminary injunction appears on the docket.

The Court considers the Amended Complaint and its attachments because it is now the operative complaint and has superseded (or replaced) the initial Complaint. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009)) ("An amended complaint supersedes an earlier complaint for all purposes."). The cited exhibits reflect, generally, that Plaintiff Nix was approved for Protective Control at one time due to a threat against him by other inmates, but that his current institution, Southern Ohio

Correctional Facility (SOCF), denied his request for Protective Control after conducting its own investigation. (Doc. No. 7-1 at PageID 176 through Doc. No. 7-8 at PageID 189; *see also* Claim #1 in the Amended Complaint,[1] Doc. No. 7.) Plaintiff challenges the validity of that investigation and asks in the Amended Complaint for a preliminary and permanent injunction removing him from SOCF and housing him elsewhere. (Doc. No. 7 at PageID 160-162, 173.)

No adverse parties have been brought into this case yet. As noted above, service of process on Defendants will occur, if appropriate, after the Court screens the operative complaint. (Doc. No. 9 at PageID 223-224.) This is because the PLRA requires screening before service. *See Foster v. Woods*, No. 26-cv-10322, 2026 WL 1022410, at *1 (E.D. Mich. Apr. 15, 2026) (" Under the PLRA, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint <u>before service</u> on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.") (emphasis added); *Stinson v. Fowlkes*, No. 2:22-cv-2694, 2022 WL 17540803, at *10 (W.D. Tenn. Dec. 8, 2022) ("the Complaint must survive screening before process will issue for service").

Turning back to the **First Motion**, the undersigned **DENIES** Plaintiff Nix's informal request to immediately grant him a preliminary injunction. (Doc. No. 10.)

[1] In very general terms, Claim #2 pertains to discipline Plaintiff received for allegedly being intoxicated; Claim #3 pertains to mass strip searches; and Claim #4 describes a period without the opportunity to exercise. (Doc. No. 7.) It is not clear whether these disparate issues may all be raised in one single complaint. *See* Fed. R. Civ. P. 18 & 20.

Because there is no pending motion for a preliminary injunction, no request for injunctive relief is properly before the Court at this time.

Also in the **First Motion**, Plaintiff asks the Court to appoint counsel to represent him in this lawsuit. (Doc. No. 10.) "Appointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citations omitted). It is justified in exceptional circumstances, and ultimately within the discretion of the Court. *Id*. at 604, 606.

"To determine whether these exceptional circumstances exist, courts typically consider the type of case and the ability of the plaintiff to represent himself." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (cleaned up). In addition, the United States Court of Appeals for the Sixth Circuit has

> noted, in dicta, that district courts "should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit." *Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 760 (6th Cir. 1985). Other courts have held that exceptional circumstances turn in part on "whether the appointment of counsel would be a service to . . . the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

*Harrison v. Diamond Pharmacy Servs*., 707 F. Supp. 3d 718, 726 (W.D. Ky. 2023).

Congress has not provided funds to compensate volunteer attorneys in civil cases, and few lawyers are willing and able to absorb the costs of representing civil litigants on a *pro bono* basis. The Court makes every effort to appoint counsel in cases that proceed to trial and, in exceptional circumstances, will attempt to locate volunteer counsel at an earlier stage of the litigation.

At this time, the Court finds that Plaintiff's motion for counsel is premature. And as discussed next, Plaintiff now asks to file a *Second* Amended Complaint, which must be screened under the PLRA. The Court therefore **DENIES** Plaintiff's request to appoint counsel (Doc. No. 10) without prejudice to refiling if the case proceeds past summary judgment motions that are filed in later stages of this case.

The **Second Motion** before the Court is a combined Motion to Amend the Complaint and Motion for Appointment of Counsel. (Doc. No. 11.) As noted, Defendants have not yet been served with process or appeared in the case. For this reason, and because Rule 15 favors granting leave to amend in the interest of justice, the Court **GRANTS** Plaintiff's Motion to Amend the Complaint. (Doc. No. 11.) Plaintiff shall file a "Second Amended Complaint" **within thirty (30) days** of the date of this Decision and Order. Once filed, the Second Amended Complaint will be the operative complaint and the previous complaints will be disregarded.

The Motion for Appointment of Counsel in the Second Motion is **DENIED** as premature for the reasons discussed above. (Doc. No. 11.)

The **Third Motion** is a combined Motion to Expedite Preliminary Injunction and Motion to Appoint Counsel. (Doc. No. 12.) Except for the cover page and the certificate of service, the Third Motion appears identical to the First Motion. (*Compare, e.g.,* Memorandum In Support, Doc. No. 12 at PageID 240-243 *with* Memorandum in Support, Doc. No. 10 at PageID 226-229.) Both requests in the Third Motion are **DENIED** (Doc. No. 12) for the same reasons as the First Motion. (Doc. No. 10.)

The **Fourth Motion** is a combined Motion to Expedite Preliminary Injunction and Motion to Recuse Judge Gentry. (Doc. No. 13.) The request to expedite similarly asks for an emergency preliminary injunction to remove Plaintiff from SOCF and echoes the concerns of previous motions. (Doc. No. 13 at PageID 248.) This request is **DENIED** for the reasons discussed above.

The recusal request in the Fourth Motion is based on Plaintiff's assertion that the undersigned is "partial" and has left Plaintiff "subject to multiple forms of retaliation," presumably from the date of the First Motion (July 7, 2026) to the Fourth Motion (July 17, 2026). (Doc. No. 13 at PageID 248.) Specifically, Plaintiff states that he received nerve damage to his wrist on June 30, 2026 after a separate physical altercation with correctional officers. (*Id.*; *see also* Doc. No. 10 at PageID 227 [describing the incident, which notably occurred after the Amended Complaint was filed].) Since that time, Plaintiff says, the undersigned "did not request that pictures be taken, nor did she do anything to try to prevent what Plaintiff is currently enduring." (Doc. No. 13 at PageID 248.) Plaintiff thus argues that the undersigned's lack of immediate, *ex parte* action on Plaintiff's behalf within a ten-day period shows bias.[2] The undersigned disagrees.

Plaintiff bears the burden of justifying the undersigned's disqualification from this case. *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999). Speculation that the undersigned is biased does not satisfy his burden:

---

[2] It is unclear which statute(s) Plaintiff relies on in the Fourth Motion. *See Simms v. Warden*, No. 2:22-cv 474, 2024 WL 4783911 (S.D. Ohio Nov. 14, 2024) (noting that different standards apply to motions under 28 U.S.C. § 144 and 28 U.S.C. § 455). Plaintiff relies on Section 455 in the Fifth Motion, discussed below. Because the undersigned would reach the same conclusion under either standard, this issue will not be further addressed.

> When recusal is appropriate "is not based on the subjective view of a party," but . . . "imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 615-16 (6th Cir. 2016) (internal citations and quotations omitted).

*Simms v. Warden*, No. 2:22-cv-00474, 2024 WL 4783911, at *3 (S.D. Ohio Nov. 14, 2024). Here, Plaintiff has not pointed to any information that would lead "a reasonable person with knowledge of all the facts" to "conclude that the [undersigned's] impartiality might reasonably be questioned." *Id*. Plaintiff's request that the undersigned recuse herself from this case is therefore **DENIED**. (Doc. No. 13.)

The **Fifth Motion** is another Motion to Recuse Magistrate Judge For Partiality. (Doc. No. 14.) Plaintiff asserts that he is still being subjected to the constitutional infringements he described in the Amended Complaint.[3] (Doc. No. 14 at PageID 263.) This Motion is **DENIED** for the same reasons as the Fourth Motion.

**Conclusion**

The Court **DENIES** Plaintiff's pending motions (Doc. No. 10, 11, 12, 13, 14) except his request to file a Second Amended Complaint within the Second Motion (Doc. No. 11), which is **GRANTED**. Plaintiff shall file his Second Amended Complaint **within thirty days** of the date of this Decision and Order. The Court will then screen his Second Amended Complaint as required by 28 U.S.C. §§ 1915 and 1915A. If Plaintiff does not

[3] *I.e.*, that he has been denied Protective Control to protect him from other inmates; that he has been disciplined for allegedly being intoxicated; that the prison conducted mass strip searches; and that he was denied exercise for a period of time. (Doc. No. 7.)

submit a timely Second Amended Complaint, the Court will screen his Amended Complaint. (Doc. No. 7.)

Plaintiff is **ADVISED** that no additional information is needed from him at this time. Further unsolicited and repetitive motions may delay the screen and ultimately slow the progress of the case.

Plaintiff is **REMINDED** that he must keep this Court informed of his current address while this case is pending and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED**.

*s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, any party may file and serve written objections to this Order **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If timely objections are filed, then the District Judge will consider them and modify or set aside any portion of the Order that is clearly erroneous or contrary to law. A party may not assign as error a defect in the Order to which no timely objection was filed. Even if objections are timely filed, this Order will remain in full force and effect unless it is stayed or overruled. *See* S.D. Ohio Civ. R. 72.3.